Affirmed as Modified and Memorandum Opinion filed October 26, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00814-CV

___________________

 

David Powers, David Powers Homes, Inc.,
AND DJPH, LLC,

Appellants

 

V.

 

M. L. Rendleman Company, Inc. d.b.a.
Figerglass Insulators, Appellee



 



 

On
Appeal from the 215th District Court

Harris County,
Texas



Trial Court Cause No. 2009-17376

 



 

 

MEMORANDUM OPINION

Appellee, M. L. Rendleman Company, Inc. d.b.a.
Fiberglass Insulators, sued David Powers Homes, Inc. (“David Powers Homes”),
and DJPH, LLC (“DJPH”) for breach of contract, and appellant, David Powers, for
fraud.  When appellant and the other defendants did not file an answer,
appellee moved for default judgment, which the trial court granted.  The
judgment included not only an award of damages for breach of contract against
David Powers Homes and DJPH, but also an award of exemplary damages against appellant,
individually, for fraud.  Appellant appeals the award of exemplary damages.  We
modify the judgment to delete the award of exemplary damages in the amount of
$100,000.00 and affirm the judgment as modified.

Factual and Procedural
Background

            Appellee installed insulation materials in
numerous homes built by David Powers Homes and/or DJPH.  Appellee submitted
invoices, totaling $78,736.00, which were not paid.  Appellant assured appellee
the invoices would be paid and even negotiated selling appellee a home at a reduced
price to pay off the unpaid invoices.  Eventually, the negotiations ended
without the invoices being paid.  Following the end of the payment
negotiations, appellee discovered that many of the homes where it had installed
insulation had been sold without paying off appellee’s invoices.  Appellee also
learned that appellant had executed the bills paid affidavits which were made
at the closings to ensure that the builder passed the properties free from debt
to the purchasers.

            Appellee filed
suit against David Powers Homes, DJPH, and appellant alleging that David Powers
Homes and DJPH had breached their agreements to pay appellee for the
installation of insulation and that appellant had committed fraud by executing
the bills paid affidavits when appellee’s invoices had not been paid.  None of
the defendants filed an answer and appellee moved for a default judgment.  The
trial court granted appellee’s motion and, following an evidentiary hearing on
appellee’s damages, the trial court rendered a final default judgment on June
8, 2009.  The judgment held David Powers Homes and DJPH jointly and severally
liable for $78,736.00 on appellee’s breach of contract cause of action.  In
addition, the judgment held appellant individually liable for $100,000.00 in
exemplary damages on appellee’s fraud claims.

            On June 5, 2009,
the same morning as the evidentiary hearing on appellee’s damages, appellant
filed with the district clerk a letter, dated June 3, 2009, stating that, since
he could not afford an attorney, he “was not planning on attending court.”  The
letter did not deny liability, but instead admitted appellants were behind on
paying their debts and that, “looking at our cash flow as we see it today, it
will be 2010 before payment is possible ever.”  While appellant’s letter did
list the trial court cause number, it did not contain the address for any of
the defendants.

            Appellant and the
other defendants filed a motion for new trial, which the trial court denied. 
This appeal followed.[1]

Discussion

I.         Did the trial
court err when it awarded appellee exemplary damages?

            In his first
issue, appellant contends the trial court erred when it held him individually
liable for $100,000.00 in exemplary damages for fraud when the judgment does
not contain an award of actual fraud damages.  We agree.

            Section 41.004(a)
of the Texas Civil Practice and Remedies Code precludes exemplary damages when
no actual damages are awarded.  Tex. Civ. Prac. & Rem. Code Ann. §
41.004(a) (West 2008); see Avco Corp., Textron Lycoming Reciprocating
Engine Div. of Avco Corp. v. Interstate Southwest, Ltd., 251 S.W.3d 632,
662 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (citing Tex. Civ. Prac.
& Rem. Code Ann. § 41.004(a)) (“Exemplary damages are not available unless
the plaintiff establishes that it sustained actual loss or injury as the result
of an underlying tort.”).  Accordingly, we sustain appellant’s first issue.[2]

Conclusion

             Having sustained
appellant’s first issue on appeal, we modify the trial court’s final default
judgment to delete the award of exemplary damages against David Powers
individually and affirm the judgment as modified.

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.

 









[1] David Powers Homes and
DJPH both dismissed their appeals of the judgment against them.





[2] Because we have sustained
appellant’s first issue on appeal, we need not address appellant’s three
remaining issues, including appellant’s conditional fourth issue asserting the
June 3, 2009 letter constituted an answer.  Tex. R. App. P. 47.1.